UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ARTURO RUIZ-AHUMADA, | ) | CASE NO. 4:08 CV0152 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOSEPH GUNJA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Arturo Ruiz-Ahumada filed the above-captioned petition seeking habeas relief pursuant to 28 U.S.C. § 2241. Mr. Ruiz-Ahumada, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), is challenging his conviction and sentence.

*Background*

Mr. Ruiz-Ahumada was indicted on June 20, 2002 in the United States District Court for the Northern District of Iowa. United States v. Ruiz-Ahumada, No. 5:02cr04054 (N.D. Iowa Jun. 20, 2002). The indictment charged petitioner with illegal reentry following deportation,

in violation of 8 U.S.C. § 1326(a) and (b). Thereafter, on December 12, 2002, Mr. Ruiz-Ahumada pleaded guilty to the charge. On March 14, 2003, petitioner was sentenced at the top of the Sentencing Guidelines range to 87 months imprisonment and three years supervised release. He filed a notice of appeal on March 21, 2003.[1] The United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence on November 24, 2003. Following the denial of this appeal, Mr. Ruiz-Ahumada filed a motion to vacate his sentence on November 1, 2004. The motion was denied by the court in a slip opinion issued October 24, 2006. See United States v. Ruiz-Ahumada, No. CR02-4054-MWB, Slip Copy, 2006 WL 3050807 (N.D.Iowa Oct. 24, 2006). A motion for reconsideration was also denied.

Petitioner later sought leave to file a successive petition in the Eighth Circuit. As grounds for his petition, Mr. Ruiz-Ahumada: (1) questioned whether his prior conviction qualified as an aggravated felony; (2) claimed his due process rights were violated when the government failed to produce evidence pursuant to Brady v. Maryland; (3) asserted he was entitled to a downward departure on his sentence under the Fast-track program; and, (4) alleged ineffective assistance of counsel with regard to his plea agreement, sentencing and on appeal. The Eighth Circuit denied his request on October 23, 2007.

In his present petition, Mr. Ruiz-Ahumada claims (1) the court committed a Booker error when it sentenced him to the top of the Guideline range; (2) a Brady violation when the government failed to "disclose black & white (paper work) as a prove [sic] of evidence to

---

[1] On appeal he argued the district court abused its discretion in sentencing him to the top of the Guidelines range. Petitioner also asserted a variety of other claims, including speedy trial, due process and ineffective assistance issues, all in relation to the continuances the district court granted before he entered his guilty plea.

2

support prior state offense for its basic convertion [sic] into a federal aggravated felony for sentencing purposes"(Pet. at 4); (3) he was improperly denied Fast Track for which he qualified; and, (4) the Bureau of Prisons is denying him "limbo time."

*Analysis*

In a brief summary of his petition before this court, Mr. Ruiz-Ahumada claims that the government failed to produce evidence proving the "existence of [an] underlying offense to a previous conviction hence a factual issue that the court relied on as an enhancing factor to be used as an aggravated offense for sentencing purpose [sic]." (Pet. at 7.) By all accounts, petitioner argues that the sentence he is serving for illegal re-entry, which was enhanced because of a prior conviction, should be reduced or set aside.

*28 U.S.C. § 2241*

Federal prisoners seeking to challenge their convictions or imposition of their sentence must file their claim for relief in the sentencing court under 28 U.S.C. § 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). An exception to this mandate is available under a safety valve provision wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

Mr. Ruiz-Ahumada admits that he has already pursued his claims under § 2255. Given the opportunity to explain why his remedy under §2255 is inadequate, the petitioner fails

3

to address the question.[2] To the extent petitioner believes that the remedy afforded under § 2241 is an additional, alternative or supplemental remedy to that prescribed under § 2255, that is not the function of the statute. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

As a matter of law, a prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 1991). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Ruiz-Ahumada had the opportunity to raise his claim in his § 2255 motion to vacate and did so, albeit without success.

*Sentencing Credit*

Included in Mr. Ruiz-Ahumada's petition is a claim that the Bureau of Prisons (BOP) has refused to properly credit his prison sentence. Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). Petitioner's claim that the BOP is

---

[2]Question # 13 on the Form for Federal Prisoners to File a Petition for Writ of Habeas Corpus, specifically asks prisoners who have previously filed §2255 motions to state why that remedy is inadequate or ineffective to test the legality of their detention. Nothing in petitioner's response addresses that issue.

4

improperly executing his sentence is appropriately filed against the warden at F.C.I. Elkton, where petitioner is incarcerated. The fact that the prison is within the geographical reach of the Northern District of Ohio, affords this court both personal and subject matter jurisdiction over the petition. Moreover, petitioner has fully exhausted his administrative remedies regarding. <u>Little v. Hopkins</u>, 638 F.2d 953, 953-54 (6th Cir.1981)(federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

Although Mr. Ruiz-Ahumada does not clearly articulate the basis upon which he is requesting "limbo time," a review of his Regional Administrative Appeal indicates he may be requesting sentencing credit pursuant to 18 U.S.C. § 3585. The statute provides, in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence

18 U.S.C. § 3585(b). After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. <u>See</u> 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. <u>United</u>

5

States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons") 18 U.S.C.A. § 3585(b).

Here, the BOP took into account the fact that Mr. Ruiz-Ahumada was arrested by the Iowa Department of Transportation on June 7, 2002 and charged with filing a False Application for Driver's License. On that same date the Immigration and Naturalization Service (I.N.S.) placed a detainer on the petitioner pending a determination on the charges resulting from his arrest. During this time it was learned that petitioner may have violated his parole in the state of California. As such, he signed a waiver of extradition to California on June 18, 2002. Two days later, Mr. Ruiz-Ahumada was indicted in the Iowa federal court and charged with illegal re-entry.

Consistent with his waiver of extradition, petitioner was imprisoned for ten months at the California Institution for Men on July 10, 2002, to serve the parole violation sentence imposed under Case No. PA020462. The sentence was credited from June 18, 2002 for time served. A writ of habeas corpus ad prosequendum was issued by the United States Marshal in the Northern District of Iowa to temporarily bring petitioner before the District Court of Iowa on August 28, 2002 to face federal charges. Ten days after the court imposed the 87 months sentence against him, an amended judgment was issued on March 24, 2003 directing his federal sentence to run concurrently with his state sentence. It was not until petitioner was in transit to California that the court learned that his state prison term ended in parole on January 4, 2003.

The BOP contacted the California Records Archives to verify the revocation of petitioner's parole and the fact that his state sentence was credited for time-served from June 18, 2002 until January 4, 2003. In addition, the BOP provided jail credit to his federal sentence from

6

the date of his arrest on June 7, 2002 until the date his California parole violation sentence commenced on June 17, 2002. The BOP reasoned that this was the only period of time for which petitioner was in custody awaiting sentencing and not given jail credit.

Mr. Ruiz-Ahumada complains that he was only given credit from January 5, 2003, the date his state parole ended, until he was sentenced by the federal court on March 14, 2003. It is his belief that credit should begin June 7, 2002. Evolved legal precedent, however, instructs that credit against a federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). Petitioner began serving a 10 month term in California State prison on July 2, 2002 for violating his parole. The state court credited that sentence from the date he signed the waiver of extradition on June 18, 2002 until he was taken into custody by the state. Therefore, as the BOP noted, the only period for which he was not given credit was from June 7, 2002 until June 17, 2002. The statute is clear that sentencing credit is only available when it "has not been credited against another sentence." 18 U.S.C. § 3585(b).

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: May 27, 2008

7